# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

| | |
|---|---|
| **CONNIE L. HACKER,**<br><br>    **Plaintiff,**<br>v.<br><br>**AETNA LIFE INSURANCE COMPANY,**<br><br>    **Defendant.** | **Civil Action No. _____** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Aetna Life Insurance Company ("Aetna" or "Defendant") hereby files this Notice of Removal of this case from the Circuit Court of Clay County, Kentucky, Case No. 17-CI-00368, where it is currently pending, to the United States District Court for the Eastern District of Kentucky. As discussed below, removal of this action is proper pursuant to this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the plaintiff and the proper defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendant respectfully shows the Court as follows:

    1.  Plaintiff Connie Hacker instituted a civil action against Aetna in the Circuit Court of Clay County, Kentucky, on December 28, 2017. True and correct

copies of all of the pleadings, process, and orders served upon Aetna in the Circuit Court action, are attached hereto collectively as Exhibit A. Accordingly, this Notice of Removal under 28 U.S.C. § 1446(b)(3) is filed within one year of the commencement of the action pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(c).

2. Aetna previously removed this case to this Court on January 31, 2018, as Case No. 6:18-cv-0030, but Plaintiff moved to remand on the basis that Aetna had not conducted discovery and thus not sufficiently proven the amount in controversy. *See Hacker v. Aetna Life Ins. Co.*, No. 6:18-CV-00030-GFVT, 2018 WL 6003865, at *1 (E.D. Ky. Nov. 15, 2018). The Court remanded to the Circuit Court of Clay County, Kentucky, finding that, although Aetna's argument was not unreasonable and the jurisdictional amount in controversy might be met, there was insufficient evidence available in the record at that time to determine so by a preponderance of the evidence. *See id.* at *2. Noting Plaintiff's argument that Aetna had not attempted written discovery in state court, the Court observed that the best practice was to take advantage of state discovery procedures and that Aetna would be able to remove when discovery established the jurisdictional minimum was met. *See id.*

3. After this Court remanded the case to the state court "to take advantage of state discovery procedures," *id.*, Aetna did so, issuing Requests for

Admission and Interrogatories the day after the order to remand was issued, and unsuccessfully seeking on multiple occasions to discuss the case with Plaintiff's counsel. Thirty-three days later, on the date discovery responses were due, Plaintiff's counsel submitted responses to Aetna's requests for admission via U.S. Mail and sought an extension of time to respond to the interrogatory responses until *after* the one-year deadline in 28 U.S.C. § 1446(c)(1). *See* Exhibit B at 7, containing a true and correct copy of Plaintiff's Responses to Aetna's Requests for Admission; Exhibit C at 2-3, containing a true and correct copy of Plaintiff's counsel's December 19, 2018 email. Aetna agreed to a six-day extension that would end before the removal deadline, if Plaintiff would provide responses electronically. *See* Exhibit C at 2, containing a true and correct copy of Defendant's counsel's December 20, 2018 email. Aetna received Plaintiff's responses to its Request for Admission on December 24, 2018, and Plaintiff did not respond at all to the Interrogatories. Accordingly, this Notice of Removal is filed within thirty (30) days after Aetna's receipt of the "other paper" from which it could first be ascertained that the case is one which is removable pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

4. This action could have been originally filed in this Court pursuant to its diversity jurisdiction under 28 U.S.C. § 1332.

5. The United States District Court for the Eastern District of Kentucky

is the federal judicial district embracing the Circuit Court of Clay County, Kentucky, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 97(a) and 1441(a).

## DIVERSITY JURISDICTION

6. Plaintiff alleges that she is a resident and citizen of Kentucky. *See* Exhibit A at 5 (¶ 4).

7. Aetna is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Aetna is a citizen of the State of Connecticut. Aetna is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the Commonwealth of Kentucky within the meaning of the Acts of Congress relating to the removal of cases.

8. This action is therefore between citizens of different states, thus establishing complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332(a). *See also Hacker*, No. 6:18-CV-00030-GFVT, 2018 WL 6003865, at *2 ("Ms. Hacker and Aetna agree that they are diverse.").

9. In order to meet the $75,000 jurisdictional threshold in this case with an unspecified claim for damages, Defendant need show only that the amount in controversy "more likely than not" exceeds the jurisdictional requirement. *See Williamson v. Aetna*, 481 F.3d 369 (6th Cir. 2006) (finding claims removable

4

when it was more likely than not that potential cost of state claims to defendant would exceed $75,000, even though plaintiffs had stipulated that they would not seek damages in excess of $75,000). "As a general rule, this jurisdictional analysis must also take into account the ability of Plaintiff . . . to recover punitive damages, unless it is apparent to a legal certainty that such cannot be recovered." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) (internal quotation marks omitted). Pain and suffering damages and attorney's fees provided by statute are also considered. *See Heyman v. Lincoln Nat'l Life Ins. Co.*, No. 3:16-CV-37-DJH-DW, 2017 WL 3274452, at *4 (W.D. Ky. Apr. 27, 2017) ("Attorney fees are properly included in the amount in controversy if they are provided for by statute.") (addressing KUCSPA claims); *Fenton v. Speedway, LLC*, No. 5:13-063-DCR, 2013 WL 2422877, at *2 (E.D. Ky. June 3, 2013) (considering pain and suffering damages for purposes of removal jurisdiction).

10. Aetna denies that it breached the insurance policy or violated Kentucky law. Nonetheless, in evaluating whether subject-matter jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy." This does not require that a defendant research and prove a plaintiff's claim for damages. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 159 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S.

77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).  The question is whether Plaintiff's alleged claims, if proven and assuming the failure of the defendant's defenses, would "more likely than not" result in an award greater than the jurisdictional amount.  *See McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994).  And the Court may use its "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  *Naji v. Lincoln*, 665 F. App'x 397, 402 n.2 (6th Cir. 2016) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010)).

    11. Plaintiff alleges that Aetna's denial of benefits in 2017 wrongfully breached the insurance contract "in contrast to the overwhelming evidence contained within the administrative file," Exhibit A at 6 (¶ 27); that the denial "was made in bad faith and without just cause, and indicates a reckless disregard for the Plaintiff's rights in violation of the Kentucky Unfair Claims Settlement Practices Act," Exhibit A at 6 (¶ 29); and that Aetna "lack[ed] a reasonable basis to deny Plaintiff's benefits" and "knew or should have known it [had] acted recklessly in stating that there is a reasonable basis when in fact, there is none," Exhibit A at 7 (¶ 36).  Due to this egregious alleged conduct, Plaintiff demands "[j]udgment against Defendant for full contractual benefits," attorney's fees, inconvenience and emotional pain and suffering damages, and "punitive

6

damages to punish and deter Defendant from similar conduct." Exhibit A at 8 ("Demand for Relief" paragraph).

12. In her responses to Aetna's Requests for Admission Nos. 1 through 3, Plaintiff denied that the damages alleged in her Complaint do not exceed $75,000 and denied that the amount in controversy does not exceed the sum of $75,000, exclusive of interest and costs. *See* Exhibit B at 1-2. She further denied, in response to Request No. 4, that she was not seeking an award of more than $75,000 to satisfy the claims stated in her Complaint. *See* Exhibit B at 3. She similarly denied, in response to Request No. 5, that she would not accept more than $75,000 in compensatory damages, punitive damages, and attorney's fees. *See* Exhibit B at 3.

13. Plaintiff's argument that the requests provide no specific time for calculation and that future benefits are not counted toward the jurisdictional amount do not convert her blanket denials into admissions that the jurisdictional amount is not met. *See* Ky. R. Civ. P. 36.01 ("A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder."). Plaintiff did not qualify her answers to admit that the jurisdictional amount was not met on the date the requests were served or on the date she

answered or on any other date. She merely denied outright that "the amount in controversy in this matter does not exceed the sum of $75,000, exclusive of interest and costs." *See* Exhibit B at 3.

14. This Court has previously held that similar denials of similar requests for admission "provided the competent proof required to establish the amount in controversy" even in the face of the plaintiff's attempt to avoid the consequences of the denial with an equivocating explanation. *See Powell v. Wal-Mart Stores, Inc.*, No. 14-155-HRW, 2015 WL 2063966, at *1, *3 (E.D. Ky. Apr. 30, 2015). The Sixth Circuit has even applied an inference that claims are for more than $75,000 where the plaintiff simply refuses to admit or deny that his damages exceed that amount. *See Halsey v. AGCO Corp.*, No. 17-6403, 2018 WL 5879504, at *3-*4 (6th Cir. Nov. 8, 2018). Plaintiffs "should not be able to prevent removal of a case that otherwise meets the requirements of federal jurisdiction by stonewalling and providing incomplete discovery responses." *Id.* at *4 n.3.

15. In addition to this new evidence provided by the discovery responses, Aetna's prior arguments based on the benefits numbers at issue and relief sought are now—almost eleven months later—all the stronger. *See Hacker*, No. 6:18-CV-00030-GFVT, 2018 WL 6003865, at *2 (in which this Court noted that Aetna's previous estimation that the amount in controversy was more than the

jurisdictional amount on January 31, 2018 was "not unreasonable"). On January 31, 2018, past benefits were in the amount of $22,822.74. Horton Declaration at 2 (¶ 6), a true and correct copy of which is attached as Exhibit D. Past benefits through the date of filing of this Notice of Removal have increased to the amount of $35,454.97.[1] The contractual benefits at issue are nearly half of the jurisdictional amount before emotional pain and suffering, punitive damages, and attorney's fees are even considered.

16. In a similar case, the *Heyman* court found the jurisdictional amount met based on only $31,305.40 in alleged compensatory damages—$4,149.57 less than here—when the claims for punitive damages and attorney's fees were also considered. *See* No. 3:16-CV-37-DJH-DW, 2017 WL 3274452, at *3-4. Even Plaintiff's previous argument, using past benefits (now $35,454.97), 1-to-1 multipliers for pain and suffering and punitive damages (now $35,454.97 each for a total of $70,909.94) and a 40% attorney fee based only on the past due disability benefits (now $14,181.99), currently equals $120,546.98. *See Hacker v. Aetna Life Ins. Co.*, No. 6:18-cv-00030-GFVT, doc. 10 at 4. In fact, the current past benefits ($35,454.97), an even more conservative 25% attorney fee ($8,863.74),

---

[1] As explained in the Horton Declaration, the gross monthly LTD benefit would have paid $2,727.92 per month after October 1, 2017, and Plaintiff's SSDI benefit would have offset $1,569.00 per month after September 1, 2017. Exhibit D at 2 (¶¶ 4-5). Therefore, the net monthly benefit beginning October 1, 2017, was $1,158.92 per month. Benefits from February 1, 2018, through November 30, 2018, would have been $11,589.20, and the partial benefit for the twenty-seven days in December 2018 would be $1,043.03, totaling $12,632.23 in addition to the $22,822.74 at issue through January 31, 2018.

and the conservative 1-to-1 multiplier for *either one* of the other types of damages ($35,454.97) would put the amount in controversy over the $75,000.00 jurisdictional threshold set forth by 28 U.S.C. § 1332.

17. While Aetna denies the material allegations of Plaintiff's Complaint, the amount-in-controversy test requires the Court to apply the "more likely than not" standard to potential damages based on the assumption that the Complaint's allegations could be proven and all defenses would fail. The allegations that a defendant acted "in bad faith and without just cause" in denying a claim and that it *knew* it was acting recklessly when it said there was a reasonable basis for its denial, *see* Exhibit A at 6-7 (¶¶ 29, 36), would more likely than not support punitive damages in excess of $40,000, much less the significantly lower number that would be needed after including other likely compensatory damages and a reasonable attorney's fees. For example, with the past benefits ($35,454.97) and a reasonable 40% attorney's fee conservatively based on that current past benefits number ($14,181.99), punitive damages—together with mental and emotional distress and other compensatory damages Plaintiff seeks—would only need to reach $25,363.05 to surpass the jurisdictional amount.

18. These calculations, together with Plaintiff's denials that the amount in controversy is not met and her attempts to avoid federal jurisdiction without admitting that she does not seek a higher amount, establish that this case meets the

jurisdictional requirements. *See Halsey*, No. 17-6403, 2018 WL 5879504, at *4 (citing, with approval, *Miller v. Malik*, No. 11-74-ART, 2011 WL 2968428, at *2-3 (E.D. Ky. July 20, 2011) (denying remand where plaintiffs sought $28,039.10 in medical expenses in addition to other categories of unquantified damages)). *See also id.* at 4 n.3 (noting, when applying an inference of sufficient amount in controversy, that the court's "best guess" was that the plaintiff was "seeking and indeed desired higher damages—but wanted to remain in state court") (internal quotation marks and brackets omitted).

19. Based on the allegations of the Complaint, the evidence before the Court, and the reasonable inferences from them, it is more likely than not that the amount-in-controversy requirement for diversity jurisdiction is satisfied in this case.

## **MISCELLANEOUS**

20. A copy of this Notice of Removal is being filed with the Circuit Court of Clay County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

21. Along with this Notice of Removal, Aetna will tender to the Clerk of this Court the funds necessary to secure removal.

22. This Notice of Removal under 28 U.S.C. § 1446(b)(3) is filed within thirty (30) days after Aetna's receipt of the "other paper" from which it could first

be ascertained that the case is one which is removable pursuant to 28 U.S.C. § 1446(b), and within one year of the commencement of the action pursuant to 28 U.S.C. § 1446(c).

23. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

24. The January 31, 2018 removal does not prevent Aetna from removing this action. *See Hacker*, No. 6:18-CV-00030-GFVT, 2018 WL 6003865, at *2 (quoting *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999) ("Nothing in § 1446 forecloses multiple petitions for removal."); *Minix v. Kawasaki Motors Corp., U.S.A.*, No. CIV.A. 09-90-ART, 2009 WL 2212282, at *3 (E.D. Ky. July 23, 2009) ("It is well established that if a case is remanded to state court for lack of subject matter jurisdiction, it can be removed a second time if new developments—such as discovery responses—reveal that the amount-in-controversy requirement for diversity jurisdiction is in fact satisfied.").

25. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Kentucky.

26. If any question arises as to the propriety of this removal, Aetna respectfully requests the opportunity to present a brief and argument in support of its position.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Aetna Life Insurance Company, by and through its undersigned counsel, prays that the above

action currently pending against it in the Circuit Court of Clay County, Kentucky, be removed to this Court.

Respectfully submitted this 27th day of December 2018.

*/s/ William B. Wahlheim, Jr.*
William B. Wahlheim, Jr.
Grace R. Murphy
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000
[applications for admission *pro hac vice* to be filed]

Richard D. Porotsky, Jr.
DINSMORE & SHOHL LLP
255 East Fifth Street
Suite 1900
Cincinnati, Ohio 45202
(513) 917-8200
richard.porotsky@dinsmore.com

*Attorneys for Defendant Aetna Life Insurance Company*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 27th day of December 2018:

Timothy E. Geertz
Law Offices of Timothy E. Geertz, PLLC
2333 Alexandria Drive
Lexington, Kentucky 40504
Counsel for Plaintiff

                                        */s/ William B. Wahlheim, Jr.*
                                        OF COUNSEL