UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| CONNIE HACKER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 6:18-CV-334-REW-HAI |
| v. | ) | |
| | ) | |
| AETNA LIFE INSURANCE COMPANY, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Connie Hacker moved for remand. DE #8 (Motion). Aetna Life Insurance Company opposed. DE #12 (Response). Hacked replied. DE #19 (Reply). The matter is ripe for consideration.

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between," as relevant here, "citizens of different States." 28 U.S.C. § 1332(a)(1); *see also* DE #1, at 1 (Aetna asserting jurisdiction only under § 1332). Courts refer to this concept as "diversity jurisdiction," a form of subject-matter jurisdiction in a case. *See Grupo Dataflux v. Atlas Global Grp., LP*, 124 S. Ct. 1920, 1925-26 (2004).

Importantly, "Federal courts are courts of limited jurisdiction," and "the burden of establishing" a jurisdictional basis "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 114 S. Ct. 1673, 1675 (1994). Here, the burden is Aetna's, as a removing defendant. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The Court resolves "all doubts" concerning the existence of subject-

1

matter jurisdiction "against removal." *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Fenger v. Idexx Labs., Inc.*, 194 F. Supp. 2d 601, 602-03 (E.D. Ky. 2002) ("Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court[.]").

As to amount in controversy, the topic at issue,[1] a "defendant seeking to remove an action to federal court [must] show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Hacker does not dispute that at least $35,454.97 in compensatory damages is "in controversy." *See* DE #8-1, at 4. Thus, the question is whether Aetna preponderantly proves that (at least) an additional $39,545.04 is also in controversy. On this record, it does.

As an initial matter, Aetna's general denial of liability, *see* DE #8-1, at 4-5, obviously does not preclude removal. "It is generally agreed in this circuit, that the amount in controversy should be determined from the perspective of the plaintiff[.]" *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (internal quotation marks removed); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 58 S. Ct. 586, 590 (1938) (focusing on the plaintiff's perspective). That Defendant denies liability does not mean that the amounts Hacker seeks are not "in controversy." *See, e.g.*, *Hayes*, 266 F.3d at 571 (removing defendant need not "research, state and prove the plaintiff's claim for damages"). To the contrary, if anything, such a posture logically

---

[1] The parties are—as neither disputes—completely diverse. *See* DE #1, at ¶¶ 6-7.

signifies the opposite—that the potential damages *are* disputed (*i.e.*, in controversy) between the parties.

Substantively, Hacker levelled breach of contract, Kentucky Unfair Claims Settlement Practices Act, breach of duty to act in good faith, and ERISA[2] claims against Aetna. *See* DE #1-2 (Complaint). Apart from "full contractual benefits," she claims entitlement to "reasonable attorney's fees," "punitive damages," and "compensation for inconvenience and emotional pain and suffering." *Id.* at 8.

To measure the amount in controversy based on claims for unspecified sums of attorney fees,[3] punitive damages,[4] and emotional / pain-and-suffering damages,[5] courts permit removing parties to rely, for estimation purposes, on reasonable multipliers / percentages. *See, e.g.*, *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 853-54 (E.D. Ky. 2006) (applying "attorneys fees in an amount of thirty percent" toward the amount in controversy); *Carrollton*, 2013 WL 5934638, at *4 (describing Sixth Circuit precedent that endorsed a "50 percent estimate" for attorney fees, vis-à-vis amount in controversy); *Heyman v. Lincoln Nat'l Life Ins. Co.*, No. 3:16-cv-37-DJH-DW, 2017 WL 3274452, at *3-4 (W.D. Ky. Apr. 27, 2017) (approving "a single-digit ratio,"

---

[2] *But see* DE #8-1, at 2 n.1 (Hacker stating that the policies at issue "are exempt from ERISA").

[3] *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376-77 (6th Cir. 2007) (explaining that although the "general rule" excludes attorney fees from amount-in-controversy calculation, such fees may be counted when "provided for by contract or where a statute mandates or expressly allows the payment of" them). Hacker does not dispute the general notion that attorney fees are here properly counted toward calculating the amount in controversy. *See Carrollton Hospitality, LLC v. Ky. Insight Partners II, LP*, No. 13-21-GFVT, 2013 WL 5934638, at *4 (E.D. Ky. Oct. 31, 2013); KRS 304.12-235(3).

[4] No party contends that "it is apparent to a legal certainty that" Hacker could not recover punitive damages. *See Hayes*, 266 F.3d at 572.

[5] *See, e.g.*, *Mitchell v. White Castle Sys., Inc.*, 86 F.3d 1156, No. 94-1193, 1996 WL 279863 (6th Cir. May 24, 1996) (table) (counting a "reasonable" estimate of "emotional distress" damages when evaluating the amount in controversy).

3

such as "4:1," for punitive-damages estimates and ultimately "applying a conservative 2:1 punitive-to-compensatory ratio") (also applying a reasonable amount—"at least $12,389.21,"—that the court was "confident" that Plaintiff would incur in attorney fees toward the total amount in controversy); *Fenton v. Speedway, LLC*, No. 5:13-63-DCR, 2013 WL 2422877, at *2 (E.D. Ky. June 3, 2013) ("considering a reasonable multiplier for allegations of pain and suffering") (citing as controlling a case that applied a 5:1 multiplier); *but see Bullock v. Am. Fidelity Assur. Co.*, No. 14-cv-313-JMH, 2015 WL 906001, at *3 (E.D. Ky. Mar. 3, 2015) (while acknowledging that "the Court should consider attorneys' fees and punitive damages in calculating the amount in controversy," remanding because, in the circumstances, "it would take a multiplier of 30" to reach the jurisdictional minimum).

Here, given the uncontested $35,454.97 compensatory baseline, applying a quite conservative 2:1 (or even 1.5:1 or 1.25:1) ratio, as to punitive damages **alone**, leads to a total amount in controversy in excess of $75,000.00. The Court could simply stop there and find a proper jurisdictional basis. Applying an additional 30% estimated attorney fee (again, a conservative tack, given *Carrollton*) bumps the total higher still. Adding in a reasonable estimate for emotional distress damages increases the amount again. Various combinations of such damage types and percentages, on these facts, potentially lead to alternative ways of satisfying the amount in controversy requirement. The Court easily concludes, in these circumstances, that Aetna has proven that it is more likely than not true that more than $75,000.00, exclusive of interest and costs, is in controversy in this case.

These ratios / multipliers do not signify arbitrary, "random choice[s.]" *See* DE #8-1, at 5. Instead, the applied, unadventurous estimates receive consistent support in the case law and find reasonable support in Hacker's complaint allegations. *See, e.g.*, *Hendrick v. Fifth Third Bank, Inc.*, No. 1:11-CV-161-JHM, 2012 WL 1906494, at *3-4 (W.D. Ky. May 25, 2012); *Mabry v. Gov't Employee's Ins. Co.*, 267 F. Supp. 3d 724, 730 n.1 (N.D. Miss. 2017) (recognizing the propriety of considering "the nature of the injuries alleged" in context).

Hacker charges Aetna with acting, for example, "in bad faith," "without just cause," with "a reckless disregard for [her] rights," and "grossly negligent[ly]." DE #1-2, at 6-7. Such forceful accusations (more than) reasonably support the conservative estimates above. A "fair reading" of Plaintiff's complaint, *Hayes*, 266 F.3d at 573, as well as the Court's "judicial experience and common sense," *Naji v. Lincoln*, 665 F. App'x 397, 401 n.2 (6th Cir. 2016), support the valuation described. The Court did not "arbitrarily choos[e,]" for example, a "100:1" punitive damages ratio. *See Hendrick*, 2012 WL 1906494, at *3-4. Further, punitive damages were the only topic at issue in *Hendrick*—a sharply different factual scenario than here, given Hacker's wide-ranging complaint and monetary demand. As to Hacker's bellyaching that Aetna has not proven that certain amounts she requested will "be awarded under the facts of this case," DE #8-1, at 5-6 (emphasis removed), the Court repeats the Sixth Circuit's unambiguous words: a removing defendant need not "research, state and prove the plaintiff's claim for damages." *Hayes*, 266 F.3d at 571.[6]

---

[6] The Court also, for thoroughness, briefly explains why many of the cases Hacker cites do her no benefit. For example, in *Ramsey v. Kearns*, the plaintiff's complaint "state[d] that the *total* amount in controversy is less than $75,000." No. 12-06-ART, 2012 WL

Proof from state-court discovery reasonably solidifies this conclusion. After the first remand, *see Hacker v. Aetna Life. Ins. Co.*, No. 6:18-cv-30-GFVT, 2018 WL 6003865, at *2 (E.D. Ky. Nov. 15, 2018) (although finding "Aetna's estimation . . . not unreasonable," suggesting that Defendant "take advantage of state discovery procedures" before potentially again attempting to remove the case), Aetna took Judge Van Tatenhove's advice. When Aetna asked Hacker to admit, in various particular iterations, that the amount in controversy in this case does not exceed $75,000.00, exclusive of interests and costs, she denied each request. *See generally* DE #1-3.

While such denials, standing alone, perhaps are insufficient to justify removal, *cf., e.g.*, *Lobley v. Guebert*, No. 5:16-CV-202-TBR, 2017 WL 1091796, at *2 (W.D. Ky. Mar. 22, 2017); *Shannon v. PNC Bank, N.A.*, No. 3:14-CV-421-CRS, 2015 WL 339577, at *3 (W.D. Ky. Jan. 26, 2015),[7] they are, at a minimum, "at least some evidence that [Plaintiff's] damages are more than" $75,000.00 and, thus, coupled with other factors, can satisfy the amount-in-controversy requirement. *See, e.g.*, *Miller v. Malik*, No. 11-74-ART, 2011 WL 2968428, at *2 (E.D. Ky. July 20, 2011) (citing, *e.g.*, *McLain v. Am. Int'l Recovery, Inc.*, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998) ("If the plaintiff denies this request [to admit that damages do not exceed $75,000], the case can be removed[.]"));

---

602812, at *3 (E.D. Ky. Feb. 23, 2012) (emphasis in original). Little surprise Judge Thapar remanded. *Holland v. Buffin*, in relevant part, only addressed valuation of "serious injuries" post-automobile-accident. *See* No. 14-149-ART-EBA, 2015 U.S. Dist. LEXIS 80242, at *6 (E.D. Ky. Jan. 16, 2015). The analysis in *Shropshire v. Unum Life Ins. Co.*—aside from being dictum, based on the court's primary no-fraudulent-joinder holding—is cursory (1 paragraph) and does not address a situation like Hacker's. *See* No. 5:12-cv-166-JMH, 2012 WL 3221186, at *2 (E.D. Ky. Aug. 6, 2012). Finally, *Jones v. Life Ins. Co.* involved a defendant trying to jump a roughly $72,000 amount-in-controversy chasm—a moonshot effort Judge Simpson reasonably denied, and one with no analogy here. *See* 746 F. Supp. 2d 850, 853-54 (W.D. Ky. 2010).

[7] The Court comes to no definite conclusion on that issue, though.

*Powell v. Wal-Mart Stores, Inc.*, No. 14-155-HRW, 2015 WL 2063966, at *1-3 (E.D. Ky. Apr. 30, 2015) ("Plaintiff's own denial [of a request to 'admit that you will not seek damages in excess of $75,000, exclusive of interest and costs'] provided the competent proof required to establish the amount in controversy."); *Mabry*, 267 F. Supp. 3d at 730 ("[T]he denial of a request for admission, like a refusal to stipulate to the amount in controversy, may be considered as a relevant factor in the amount-in-controversy inquiry."); *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 533 (D.S.C. 1999) (denying motion to remand when Woodward "refused to agree" that "he would not seek damages in excess of $75,000"); *Freeman v. Witco Corp.*, 984 F. Supp. 443, 450 (E.D. La. 1997) ("Freeman's response to the Request for Admission propounded by Witco, wherein he denied that he would he would not seek damages nor execute on a judgment rendered in his favor in excess of $75,000, exclusive of interests and costs," justified removal.); *cf. Hayes*, 266 F.3d at 573 (considering plaintiff's refusal "to stipulate to a damages amount falling under the amount in controversy requirement").

Hacker's curious criticism that the requests did not have a temporal limitation and, thus, "could be read to include future damages," DE ##8-1, at 8-9; 19, at 2, does not aid the remand effort. *See* DE #12, at 11. She denied—*in December 2018*—that, for example, the "damages alleged in [her] Complaint do not exceed $75,000.00," that "the amount in controversy in this matter does not exceed the sum of $75,000.00, exclusive of interests and costs," that "this case does not satisfy the 'amount in controversy' requirements of 28 U.S.C. § 1332," that she is "not seeking an award of more than $75,000.00," that she "will not accept more than $75,000.00, and that, "if a judge or jury

7

returns a verdict in excess of $75,000.00," she "will agree to a remittitur to or less than $75,000.00." *See* DE #1-3, at 2-6; *see also* DE #1, at ¶ 13; *Naji*, 665 F. App'x at 401 n.2.

These questions were, in context, sufficiently tailored, and Hacker's denials (which contain a tinge of gamesmanship) are undeniably *some* proof relevant to the amount in controversy at the time she answered (and, thus, at the time of removal). While, as a matter of logic and common sense, a denial of a negative may not have the same weight as an admission, *cf., e.g.*, *Stevens v. Sam's E., Inc.*, No. 5:14-cv-344-JMH, 2014 WL 5828336, at *1 (E.D. Ky. Nov. 10, 2014), Hacker's denials undoubtedly, to the Court, are not evidentiary nullities, carry *some* weight (especially in a context of probing the amount *in controversy*), and only aid Aetna's otherwise strong jurisdictional showing. The tendered "discovery responses" reasonably comply with Judge Van Tatenhove's prior demand for "competent proof," rather than solely "mathematical formulas," for Aetna to meet its removal burden. *See Hacker*, 2018 WL 6003865, at *2.

Thus, in the Court's assessment, Hacker's repeated denials that (in essence) her damages do not exceed $75,000.00, coupled with the undisputed compensatory total and reasonable-multiplier / ratio analysis described, coalesce and lead to the conclusion that diversity jurisdiction properly exists. *See, e.g.*, *Halsey v. AGCO Corp.*, ___ F. App'x ___, ___, No. 17-6403, 2018 WL 5879504, at *3-4 (6th Cir. Nov. 8, 2018); *Miller*, 2011 WL 2968428, at *2; *Woodward*, 60 F. Supp. 2d at 533; *McLain*, 1 F. Supp. 2d at 631; *Freeman*, 984 F. Supp. at 450.

Accordingly, the Court **DENIES** DE #8.

This the 13th day of February, 2019.


Signed By:
*Robert E. Wier*
United States District Judge