UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

***ELECTRONICALLY FILED***

| | |
|---|---|
| CONNIE L. HACKER,<br><br>　　　　　　Plaintiff,<br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>　　　　　　Defendant. | Case No. 6:18-cv-00334-REW<br><br>**PLAINTIFF'S MOTION TO COMPEL** |

## I. Introduction

Connie Hacker ("Hacker") worked for Adventist Health System for nearly 38 years, and was last employed as a Surgical Technician. When Hacker became unable to work in March 2017, she applied for disability benefits under her policy with the Defendant Aetna Life Insurance Company. Disability benefits are to be paid to Hacker if she is only able to perform some of the material duties of her occupation due to an illness or injury. Despite the Social Security Administration approving Hacker's claim for disability benefits, which required Hacker to be disabled from any occupation, Defendant denied disability benefits to Hacker alleging she was not disabled, and, thus able to perform all of the material duties of her occupation as a Surgical Technician.

Part of the basis of Defendant's denial of Hacker's benefits was the Defendant's reliance on a paper file review by Dr. Philip Marion, who was retained by Defendant. Dr. Marion did not examine Hacker, but reviewed her file and alleged called a treating nurse. Dr. Marion's report states Hacker has "no specific impairment that supports activity restrictions and/or limitations."

1

Said opinion that Hacker has no restrictions or limitations is in sharp contrast to multiple medical providers (Teresa Cole, APRN, Betty Sizemore, APRN, Tiffany Coffman, PT, and Dr. Frank Burke) who actually examined or treated Hacker and found her unable to work.

In fact, Defendant's own claims file reveals the following: "Does clinical information support disability? Yes." This entry was made by Defendant's own nurse, Kristen McQuillan. However, after Hacker's file was later reviewed by Dr. Marion, Defendant decided to deny all benefits to Hacker and never issued any payment related to her claims for short-term or long-term disability benefits.

Dr. Marion's opinion that Hacker has no restrictions is a blatant disregard of Hacker's treating medical providers and in stark contrast to the medical records. As such, Hacker sought information regarding the relationship between the Defendant and Dr. Marion and how often Dr. Marion prepares reports that are favorable to the Defendant and result in a denial of benefits to claimants who assert they are disabled.

Hacker has requested the Defendant to provide the number of times Dr. Marion found a claimant to be able to work in at least a sedentary occupation or found the claimant not to be disabled. (Interrogatory 13) This request has been limited to the years 2017 and 2018, but Defendant has refused to produce this statistical information.

This discovery dispute was brought before this Court on August 1, 2019, and the Court sustained Defendant's objection to providing said statistical information. Although the Court sustained Defendant's objections, the Court noted Hacker would be granted leave to file a motion to compel regarding this matter. [DE 26]

## II. Argument

FRCP 26(b)(1) states: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

In Escalera v. Bard Med., No. 4:16-CV-00121-JHM, 2017 U.S. Dist. LEXIS 147327, at *8 (W.D. Ky. Sep. 12, 2017), the court noted: "Thus, '[i]nformation is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case.' Fed.R.Civ.P. 26, Advisory Committee's Note for 2015 Amendment. Notably, district courts within the Sixth Circuit have agreed that the 2015 amendments do not change the basic principle that Rule 26 is to be liberally construed to permit broad discovery."[1]

A motion to compel is permissible when the Defendant fails to answer an interrogatory submitted by Hacker under Rule 33,[2] as FRCP 37(a)(1), in part, provides that "a party may move for an order compelling disclosure or discovery."

The statistical information sought herein is limited, narrowly tailored, and relevant to Hacker's claims against the Defendant. The information requested may reveal a pattern and

---

[1] Citing He v. Rom, No. 15-CV-1869, 2016 U.S. Dist. LEXIS 137183, 2016 WL 5682012, at *13 (N.D. Ohio Oct. 3, 2016); Suzette Scott-Warren v. Liberty Life Assurance Co. of Boston, 3:14-CV-00738-CRS-CHL, 2016 U.S. Dist. LEXIS 136513, 2016 WL 5661774, at *5 (W.D. Ky. Sept. 29, 2016); Brooks v. Caterpillar Global Mining Am., LLC, No. 4:14-CV-00022-JHM, 2017 U.S. Dist. LEXIS 60306, 2016 WL 5213936, at *7 (W.D. Ky. Sept. 20, 2016); Albritton v. CVS Caremark Corp., 5:13-CV-00218-GNS-LLK, 2016 U.S. Dist. LEXIS 83606, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016).
[2] See FRCP 37(a)(3)(B)(iii).

practice by the Defendant to retain a physician who prepares reports that result in high ratios of disability benefits being denied to claimants. Information regarding Defendant's reckless disregard for the rights of its own insured (Hacker) and information regarding the Defendant's self-interest in denying benefits is relevant to Hacker's bad faith claims.

The statistical information may also demonstrate that Defendant lacked a reasonable basis in denying Hacker's benefits, as it may have been anticipated that Dr. Marion would issue an opinion that would be unfavorable to Hacker. The statistical information may further demonstrate that Defendant knew this would occur, and, thus, had no reasonable basis for denying Hacker's claim and acted with reckless disregard towards Hacker in denying her claim for disability benefits.

Likewise, the statistical information may further support a determination that the Defendant violated Kentucky's Unfair Claims Settlement Practices Act (KRS 304.12-230). Pursuant to KRS 304.12-230(4), it is an unfair claims settlement practice for any person to refuse to pay claims without conducting a reasonable investigation based upon all available information. The statistical information may shed light on whether the Defendant conducted a reasonable investigation when denying Hacker's claim.

The information sought herein is relevant to Hacker's claims against the Defendant, and, thus, should be produced. As the court in Groupwell Int'l (HK) Ltd. v. Gourmet Express, LLC, 277 F.R.D. 348, 358 (W.D. Ky. 2011) noted:

> The Court observes that "[r]elevant material for the purpose of discovery will encompass any matter that may bear upon, or reasonably could lead to other matters that could bear upon, any issue that is or likely may be raised in the case." Invesco Institutional, Inc. v. Pass, 244 F.R.D. 374, 380 (W.D. Ky. 2007) (citing Minch v. City of Chicago, 213 F.R.D. 526, 527 (N.D. Ill. 2003)). Stated differently, "a request for discovery should be considered to be seeking relevant information if there is any possibility that the information sought may be relevant to the claim or defense of any party in the action." Id. (emphasis in

original) (citing Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter, 211 F.R.D. 658, 663 (D. Kan. 2003)). Notably, "[t]he federal courts, even after the amendment of rule 26(b) in 2000, have continued to hold that, '[r]elevance for the purpose of rule 26 is broadly construed.'" Id. (quoting Jade Trading, LLC v. United States, 65 Fed. Cl. 188, 190-91 (2005)) (other citations omitted).

Notably, the information sought by Hacker in this case *sub judice* is information Kentucky federal courts have granted before. For example, in Scott-Warren v. Liberty Life Assurance Co., No. 3:14-CV-00738-CRS-CHL, 2016 U.S. Dist. LEXIS 136513 (W.D. Ky. Sep. 29, 2016), Liberty Life terminated Scott-Warren's disability benefits, and Scott-Warren filed suit against Liberty Life to recover benefits that she asserted were wrongfully denied under her insurance policy with Liberty Life. Scott-Warren moved to compel Liberty Life to answer statistical information related to Liberty Life's use of a third party contractor to review disability claims. Despite Liberty Life arguing "the statistical information sought by Plaintiff is of very limited, if any, relevance and certainly not warranted in light of the time consuming and costly review of its files that Liberty Life would have to undertake" and "would require it to perform a file-by-file review of the hundreds of thousands of claims submitted in the relevant time period because it does not have the information readily available in aggregate form," the Court ordered Liberty Life to produce this information. Scott-Warren at *13. Liberty Life, like Defendant Aetna Life Insurance Company in this case, argued "proportionality and relevance requirements of Federal Rule of Civil Procedure 26(b)(1) in support of this objection." Id. at *13. In Scott-Warren, the court noted the 2015 revisions to FRCP 26(b)(1) had restored the importance of proportionality in defining the scope of discovery, but the court still required Liberty Life to answer interrogatories with regard to Dr. Tal Jiva, the physician who reviewed the claim. Scott-Warren at *15. Similarly, the Defendant here should be required to provide limited information sought regarding Dr. Marion.

5

This is also not the first time that Aetna Life Insurance Company has been compelled to produce this type of statistical information. In <u>Kasko v. Aetna Life Ins. Co.</u>, 33 F. Supp. 3d 782, 789 (E.D. Ky. 2014), the court ordered Aetna to provide responses "to the number of files in which the physicians recommended a finding of sedentary work or otherwise not disabled."

In this case *sub judice*, Dr. Marion provided the type of information requested herein in the last 3 pages of his report regarding Hacker, and it appears reasonable that obtaining the information sought now should be contained in the last couple pages of any report Dr. Marion has prepared for the Defendant. Obtaining this specific statistical information from a single report should only takes minutes.

Dr. Marion, who was employed by University Disability Consortium (UDC), provided a report regarding Hacker at the request of the Defendant. Defendant could request UDC to email the Defendant any reports prepared by Dr. Marion for the Defendant during the years 2017 and 2018. Defendant could than review the last few pages of any reports responsive to this request to answer Plaintiff's interrogatory. Moreover, the undersigned counsel would be agreeable to reviewing any reports prepared by Dr. Marion for the Defendant during the years 2017 and 2018 at defense counsel's office in Cincinnati, Ohio, so that the Plaintiff could determine the number of times Dr. Marion found a claimant to be able to work in at least a sedentary occupation or found the claimant not to be disabled. This should alleviate any concerns about potential costs to the Defendant.

### III. Conclusion

Wherefore, the Plaintiff Connie Hacker respectfully requests this Court to Order the Defendant Aetna Life Insurance Company to provide the Plaintiff with the number of times in 2017 and 2018 where Dr. Marion found a claimant to be able to work in at least a sedentary

occupation or found the claimant not to be disabled after reviewing said claimant's information for the Defendant.

Respectfully submitted,

/s/ Timothy E. Geertz_____
Law Offices of Timothy E. Geertz, PLLC
2333 Alexandria Drive
Lexington, Kentucky 40504
Telephone:  859-299-2929
Facsimile:  859-201-1141
Email:  tim@geertzlaw.com
*Attorney for Plaintiff Connie L. Hacker*

### CERTIFICATION UNDER FRCP 37(a)(1)

I do hereby certify that the undersigned has made a good faith attempt to confer and obtain the above requested information.  The undersigned states he tendered this discovery initially on February 27, 2019 to the Defendant.  On April 30, 2019, the undersigned requested a supplement from Defendant regarding the deficient response. On May 9, 2019, the undersigned sent an email to Defendant requesting a supplement. On May 16, 2019, the undersigned sent an additional email regarding discovery.  On May 29, 2019, a telephone conference was held between the parties.  On June 7, 2019, the undersigned sent an email requesting a written response from Defendant.  Defendant refused to provide information responsive to Interrogatory 13.  In a letter dated June 26, 2019, the undersigned again requested this information.  In a letter dated July 16, 2019, the undersigned sent Defendant another letter requesting this information.  On July 19, 2019, Defendant again refused to produce this information.  On July 22, 2019 and August 1, 2019, a telephone conference was held with Magistrate Judge Hanly A. Ingram regarding this matter.

/s/ Timothy E. Geertz_____
Law Offices of Timothy E. Geertz, PLLC
*Attorney for Plaintiff Connie L. Hacker*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

- William B. Wahlheim, Jr: wwahlheim@maynardcooper.com, pjones@maynardcooper.com
- Grace R. Murphy: gmurphy@maynardcooper.com, pjones@maynardcooper.com
- Richard D. Porotsky, Jr.: richard.porotsky@dinslaw.com

/s/ Timothy E. Geertz\
TIMOTHY E. GEERTZ\
Law Offices of Timothy E. Geertz, PLLC\
2333 Alexandria Drive\
Lexington, KY 40504\
Phone: (859) 299-2929\
Facsimile: (859) 201-1141\
tim@geertzlaw.com\
*Attorney for Plaintiff Connie Hacker*